1  John C. Wynne (Bar No. 83041)
   Elizabeth Burke Vann (Bar No. 249252)
2  **DUCKOR SPRADLING METZGER & WYNNE**
   A Law Corporation
3  3043 4th Avenue
   San Diego, California 92103
4  (619) 209-3000; (619) 209-3043 fax

5  Attorneys for Defendants S.A. THOMPSON, INC., a
   California corporation dba ROTO-ROOTER SEWER
6  & DRAIN CLEANING SERVICE; STANLEY A.
   THOMPSON; and LINDA A. BLACK



FILED

JUN 2 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 BRIAN KING; PATRICK SOVACOOL;          CASE NO.: **08 CV 1164 L AJB**
   and REX MAXWELL, individually, and as
11 private attorney generals in the interests of   **NOTICE OF REMOVAL UNDER 28 U.S.C.**
   the general public,                            **§ 1441(b) (FEDERAL QUESTION)**
12
13             Plaintiffs,

14     v.                                          Judge:
                                                   Trial Date:   None set
15 S.A. THOMPSON, INC., a California
   corporation D.B.A. ROTO-ROOTER
16 SEWER & DRAIN CLEANING
   SERVICE; STANLEY A. THOMPSON;
17 LINDA A. BLACK; and DOE 1 through
   DOE 10, inclusive,
18
               Defendants.
19

20 **TO:    THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT**

21 **OF CALIFORNIA**

22         Come now Defendants, S.A. THOMPSON, INC., a California corporation D.B.A. ROTO

23 ROOTER SEWER & DRAIN CLEANING SERVICE, STANLEY A. THOMPSON, and LINDA

24 A. BLACK, by and through their undersigned counsel of record, and hereby give Notice of

25 Removal of the civil action entitled *Brian King, et al., v. S.A. Thompson, Inc., et al.*, Case No. 37-

26 2008-00054093-CU-OE-NC ("the Lawsuit"), from the Superior Court of the State of California,

27 in and for the County of San Diego, North County Division, to the United States District Court

28 for the Southern District of California.  In support thereof, Defendants respectfully state to this

DUCKOR
SPRADLING
METZGER
& WYNNE

384713.1

                                                              Case No
              NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

honorable Court as follows:

1.     On or about May 7, 2008, Plaintiffs filed the original Complaint initiating this Lawsuit. A copy of the original Complaint is attached hereto as **Exhibit A**.

2.     The original Complaint consisted of three state law causes of action alleging violations of unfair competition under the Business & Professions Code, violations of the Labor Code, and violations of public policy. *See* Exhibit A.

3.     Plaintiffs' original Complaint was not removable inasmuch as it only alleged violations of state law and the parties were not diverse.

4.     On or about May 30, 2008, Plaintiffs filed their First Amended Complaint. A copy of the First Amended Complaint is attached hereto as **Exhibit B**.

5.     Prior to filing the First Amended Complaint, counsel for Plaintiffs inquired as to whether counsel for Defendants had the authority to receive service on behalf of Defendants, and counsel for Defendants represented that they did have such authority. A copy of the Amended Complaint was received at defense counsel's office on June 10, 2008, but no Notice and Acknowledgment of Service form was served with it. Counsel for Plaintiffs maintain that the California Rules of Civil Procedure do not require a Notice and Acknowledgement of Service form to be served and signed in this instance, and thus, contend that service of the First Amended Complaint was effectuated on June 10, 2008. Counsel for Defendants maintain that the California Rules of Civil Procedure do require a Notice and Acknowledgement of Service form to be served and signed, and thus contend that service of the First Amended Complaint was not effectuated until June 24, 2008, the date on which counsel for Defendants provided written notice to Plaintiffs' counsel that they were accepting service. *See* Declaration of Elizabeth Vann attached hereto as **Exhibit C**.

6.     Plaintiffs' First Amended Complaint consists of four causes of action which include the three causes previously included in the original Complaint as well as a claim that Defendants violated the Fair Labor Standards Act of 1938, Title 29, Chapter 8, Section 207 of the United States Code.

7.     Plaintiffs' First Amended Complaint is the first document from which it may be

DUCKER
SPRADLING
METZGER
& WYNNE

384713.1

Case No
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

1  ascertained that the Lawsuit is removable.

2        8.    In accordance with 28 U.S.C. § 1446(b), whether service of the First Amended

3  Complaint is deemed to have been effectuated on June 10, 2008, as claimed by Plaintiffs, or on

4  June 24, 2008, as claimed by Defendants, this Lawsuit is removable because this Notice of

5  Removal is filed within thirty days of receipt by Defendants of an amended pleading from which

6  it could first be ascertained that the Lawsuit is one which could be removed under 28 U.S.C.

7  § 1332.

8        9.    In addition, this Notice of Removal is being filed less than one year after

9  commencement of the Lawsuit.

10       10.    Defendants' Notice of Removal is accompanied by written notice to Plaintiffs and

11  a copy of Defendants' Notice of Removal is being filed with the Clerk of the Superior Court of

12  the State of California, in and for the County of San Diego, North County Division, on this date

13  as required by 28 U.S.C. § 1446(d).

14       11.    No other defendant has been served with the summons and complaint and thus

15  there is no other defendant party to join in this Notice of Removal.

16       WHEREFORE, Defendants S.A. Thompson, Inc., Stanley A. Thompson, and Linda A.

17  Black provide Notice of Removal of the above-captioned action pending in the Superior Court of

18  the State of California, in and for the County of San Diego, North County Division, to the United

19  States District Court for the Southern District of California.

20  DATED: June 27, 2008             DUCKOR SPRADLING METZGER & WYNNE

21                                 A Law Corporation

22

23                       By: Elizabeth Vann

24                        JOHN C. WYNNE

                          ELIZABETH BURKE VANN

25                        Attorneys for Defendants,

                          S.A. THOMPSON, INC., a California

26                        corporation dba ROTO-ROOTER SEWER &

                          DRAIN CLEANING SERVICE; STANLEY A.

27                        THOMPSON; and LINDA A. BLACK

28

384713.1

Case No

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

John C. Wynne, Esq. (SBN 83041)
Elizabeth B. Vann (SBN 249252)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING; PATRICK SOVACOOL; and REX MAXWELL, individually, and as private attorney generals in the interest of the general public,<br><br>             Plaintiffs,<br><br>         v.<br><br>S.A. THOMPSON, INC., a California corporation d.b.a. ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; LINDA A. BLACK; and DOE 1 through DOE 10, inclusive,<br><br>             Defendants. | No.:<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br><br>    <u>Attorney for Plaintiff</u>:<br>    Matthew P. Tyson, Esq.<br>    Zachary T. Tyson, Esq.<br>    TYSON & TYSON, LLP<br>    2550 Fifth Ave., 9th Floor<br>    San Diego, CA 92103<br>    Tel: (619) 720-8350<br>    Fax: (619) 615-2173<br><br>Date Served:  June 27, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

### NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1441(b) (FEDERAL QUESTION)

in the following manner:

check one)

1) ☐      By personally delivering copies to the person served.

2) ☐      By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3) ☒      By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on June 27, 2008.

4) ☐      By fax transmission, I faxed the documents to the person at the fax number listed above. No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>June 27, 2008</u>, at San Diego, California.

_____
Dawna Kirbey

**EXHIBIT A**



1 | MATTHEW P. TYSON (#178427)
ZACHARY T. TYSON (#211185)
2 | TYSON & TYSON, LLP
2550 Fifth Avenue, 9th Floor
3 | San Diego, California 92103
Phone: (619) 720-8350
4 | Fax: (619) 615-2173

2008 MAY -7 PM 12: 11

5 | Attorneys for BRIAN KING,
PATRICK SOVACOOL, and REX MAXWELL

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

10 | BRIAN KING; PATRICK SOVACOOL; and
REX MAXWELL, individually, and as private
11 | attorney generals in the interests of the
general public,
12

Plaintiffs,
13

14 | v.

15 | S. A. THOMPSON, INC., a California
corporation D. B. A. ROTO-ROOTER SEWER
16 | & DRAIN CLEANING SERVICE; and DOE 1
through DOE 10, inclusive,
17

Defendants.
18

Case No. 37-2008-00054093-CU-OE-NC

BRIAN KING, PATRICK SOVACOOL, AND
REX MAXWELL'S COMPLAINT AGAINST S. A.
THOMPSON, INC., D. B. A. ROTO-ROOTER
SEWER & DRAIN CLEANING SERVICE, FOR:

1. UNFAIR COMPETITION;
2. VIOLATION OF LABOR CODE; AND
3. VIOLATION OF PUBLIC POLICY

[JURY TRIAL DEMANDED]

19 |     BRIAN KING, PATRICK SOVACOOL, and REX MAXWELL allege:

20 | <u>PARTIES, JURISDICTION, AND VENUE</u>

21 |     1.    Each Plaintiff is an individual residing in San Diego County.

22 |     2.    On information and belief, S. A. THOMPSON, INC. is a California corporation with its

23 | headquarters in San Diego County and doing business as ROTO-ROOTER SEWER & DRAIN

24 | CLEANING SERVICE in San Diego County.

*(left margin, vertical)* TYSON & TYSON, LLP 2550 FIFTH AVENUE, 9TH FLOOR SAN DIEGO, CALIFORNIA 92103

1

BRIAN KING, *et al.*'s Complaint against
S. A. THOMPSON, INC., D. B. A. ROTO-ROOTER...

1    3.    The true names and capacities of DOE 1 through DOE 10 are unknown, and Plaintiffs

2    will seek leave to amend this complaint to set forth the true names and capacities thereof when they

3    have been ascertained.

4    4.    On information and belief, each of the fictitiously named DOE defendants is

5    responsible for, or has contributed to, the matters giving rise to the relief sought herein.

6    5.    Plaintiffs seek an award of damages in an amount exceeding twenty five thousand

7    dollars ($25,000).

8                              FIRST CAUSE OF ACTION
                    BY ALL PLAINTIFFS AND AGAINST ALL DEFENDANTS
9                              FOR UNFAIR COMPETITION

10    6.    Each Plaintiff was an employee of Defendants.

11    7.    Defendants have violated and continue to violate Business & Professions Code,

12    section 17200, *et seq.*, by engaging in acts of unfair competition, including, but not limited to, the

13    following:

14        a.    Unlawfully withholding part of the pay owed to employees, including each

15    Plaintiff, in violation of Labor Code sections 216, 221, and 223;

16        b.    Failing to pay employees, including each Plaintiff, all wages earned and owing

17    at the time of their separation from employment in violation of Labor Code sections 201, 202, and

18    203;

19        c.    Failing to maintain a designated wage scale as required by statute or contract

20    for public works services performed by employees, including each Plaintiff, pursuant to Labor Code

21    section 223;

22        d.    Failing to provide employees, including each Plaintiff, with an itemized written

23    statement accurately reflecting gross wages earned, piece-rate earnings, the applicable piece rate, all

24    deductions taken, net wage earned, in violation of Labor Code section 226;

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

e.    Failing to indemnify employees, including each Plaintiff, for losses incurred in the course of the discharge of their duties;

f.    Failing to provide employees, including each Plaintiff, with tools necessary to perform the work they were hired to perform in violation of Labor Code section 2802;

g.    Retaliating against employees, including each Plaintiff, by reducing their pay as a result of employee complaints, including those made by PATRICK SOVACOOL, of Defendants unlawfully failing to provide tools necessary to perform the work they were hired to perform, and refusing to perform work under a real and apparent hazard, in violation of public policy and pursuant to Labor Code sections 221, 2802, 6310 and 6311.

8.    Each Plaintiff has suffered, and continues to suffer, damages as a result of the conduct of Defendants.

9.    Each Plaintiff is acting in its own interests, and as a private attorney general in the interests of the general public, and, as a result of unfair competition, Defendants have caused each Plaintiff to suffer injury in fact and lose money or property.

10.    Defendants should be enjoined from committing acts of unfair competition.

11.    Defendants should make full restitution to employees to restore all monies owing to employee but acquired or retained by Defendants as a result of unfair competition.

12.    Defendants should be assessed a civil penalty of two thousand five hundred dollars ($2,500) against Defendants for each act of unfair competition, a civil penalty of one hundred dollars ($100) per initial violation, and two hundred dollars ($200) per subsequent violation, for unlawfully withholding wages, and a civil penalty of fifty dollars ($50) against Defendants for each act of failure to pay overtime wages, according to proof at trial.

13.    Each Plaintiff is entitled to an award of statutory penalties, statutory damages, unpaid wages, interest, costs of suit, and attorney fees, against Defendants according to proof at trial.

TYSON & TYSON, LLP
1550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

3

BRIAN KING, et al.'s Complaint against
S. A. THOMPSON, INC., D. B. A. ROTO-ROOTER...

SECOND CAUSE OF ACTION
BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS
FOR VIOLATION OF LABOR CODE

14.    Plaintiff re-alleges paragraphs 6 through 8.

15.    Defendants violated Labor Code sections 201, 202, 203, 216, 221, 223, 226, 2802, 6310 and 6311.

16.    Each Plaintiff is entitled to an award of statutory penalties, statutory damages, unpaid wages, interest, costs of suit, and attorney fees, against Defendants according to proof at trial.

THIRD CAUSE OF ACTION
BY PATRICK SOVACOOL AGAINST ALL DEFENDANTS
FOR VIOLATION OF PUBLIC POLICY

17.    Plaintiff re-alleges paragraphs 6 through 8.

18.    The conduct of Defendants was outrageous, and intended to cause PATRICK SOVACOOL emotional distress.

19.    PATRICK SOVACOOL suffered severe emotional distress.

20.    The conduct of Defendants was a substantial factor in causing PATRICK SOVACOOL to suffer severe emotional distress.

21.    Defendants acted with malice or oppression towards PATRICK SOVACOOL.

22.    PATRICK SOVACOOL should be awarded compensatory damages, punitive and exemplary damages, costs of suit, and attorney fees, against Defendants according to proof at trial.


Respectfully submitted,

Dated: 5-7-08          TYSON & TYSON, LLP


By: Matt Gipson
MATTHEW P. TYSON
ZACHARY T. TYSON

TYSON & TYSON, LLP
2550 Fifth Avenue, 7th Floor
San Diego, California 92103

4
BRIAN KING, *et al.*'s Complaint against
S. A. THOMPSON, INC., D. B. A. ROTO-ROOTER...

* * * ERROR REPORT ( MAY. 12. 2008  1:21PM ) * * *

FAX HEADER: DSM

| FILE | PERSONAL NAME | ADDRESS | MODE | TIME | PAGE | RESULT |
|------|---------------|---------|------|------|------|--------|
| 102 | | 7607451337 | G3RED | 0´33" | P. 2 | E |

PAGE NOT RECEIVED          QUICK SERVICE CODE

P.  2                     00-01

```
#  :BATCH            C  :CONFIDENTIAL      $  :TRANSFER              P  :POLLING
M  :MEMORY TX        L  :SEND LATER        @  :FORWARDING           E  :ECM
S  :STANDARD         D  :DETAIL            F  :FINE                 )  :REDUCTION
*  :PC               +  :ROUTING           Q  :RECEPT. NOTICE REQ.  A  :RECEPT. NOTICE
```

1  MATTHEW P. TYSON (#178427)
   ZACHARY T. TYSON (#211185)
2  TYSON & TYSON, LLP
   2550 Fifth Avenue, 9th Floor
3  San Diego, California 92103
   Phone: (619) 720-8350
4  Fax: (619) 615-2173

5  Attorneys for BRIAN KING,
   PATRICK SOVACOOL, and REX MAXWELL

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

|  |  |
|---|---|
| 10  BRIAN KING; PATRICK SOVACOOL; and | Case No. 37-2008-00054093-CU-OE-NC |
| 11  REX MAXWELL, individually, and as private attorney generals in the interests of the | |
| 12  general public, | Department N-28 |
| | HON. MICHAEL B. ORFIELD |
| 13              Plaintiffs, | BRIAN KING, PATRICK SOVACOOL, AND REX MAXWELL'S FIRST AMENDED |
| 14      v. | COMPLAINT AGAINST S. A. THOMPSON, INC., D. B. A. ROTO-ROOTER SEWER & |
| 15  S. A. THOMPSON, INC., a California corporation D. B. A. ROTO-ROOTER SEWER | DRAIN CLEANING SERVICE, STANLEY A. THOMPSON, AND LINDA A. BLACK, FOR: |
| 16  & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; LINDA A. BLACK; and DOE 1 | 1.  UNFAIR COMPETITION; |
| 17  through DOE 10, inclusive, | 2.  VIOLATION OF LABOR CODE; |
| | 3.  VIOLATION OF F.L.S.A.; AND |
| 18              Defendants. | 4.  VIOLATION OF PUBLIC POLICY |
| | [JURY TRIAL DEMANDED] |

19

20

21  ///

22  ///

23  ///

24  ///

1

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

BRIAN KING, PATRICK SOVACOOL, and REX MAXWELL allege:

## PARTIES, JURISDICTION, AND VENUE

1.    Each Plaintiff is an individual residing in San Diego County.

2.    S. A. THOMPSON, INC. is a California corporation with its headquarters in San Diego County and doing business as ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE in San Diego County.

3.    STANLEY A. THOMPSON is an individual residing in San Diego County.

4.    LINDA A. BLACK is an individual residing in San Diego County.

5.    The true names and capacities of DOE 1 through DOE 10 are unknown, and Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities thereof when they have been ascertained.

6.    Each of the fictitiously named DOE defendants is responsible for, or has contributed to, the matters giving rise to the relief sought herein.

7.    Plaintiffs seek an award of damages in an amount exceeding twenty five thousand dollars ($25,000).

## GENERAL ALLEGATIONS

8.    Each Plaintiff was an employee of Defendants and performed work for Defendants.

9.    Defendants willfully and unlawfully withheld part of the pay owed to employees, including each Plaintiff, including, but not limited to, overtime wages for work in excess of 8 hours in a day and/or 40 hours in a week.

10.    Defendants were required, but failed, to pay employees, including each Plaintiff except BRIAN KING, all wages earned and owing at the time of their separation from employment.

11.    Defendants were required, but failed, to maintain a designated wage scale as required by statute or contract for public works services performed by employees, including each Plaintiff.

BRIAN KING, *et al.*'s First Amended Complaint against
S. A. THOMPSON, INC., D. B. A. ROTO-ROOTER…

1    12.    Defendants failed to provide employees, including each Plaintiff, with an itemized

2  written statement accurately reflecting gross wages earned, piece-rate earnings, the applicable piece

3  rate, all deductions taken, and net wage earned.

4    13.    Defendants were required, but failed, to indemnify employees, including each Plaintiff,

5  for losses incurred in the course of the discharge of their duties.

6    14.    Defendants were required, but failed, to provide employees, including each Plaintiff,

7  with tools necessary to perform the work they were hired to perform.

8    15.    Defendants paid employees, including each Plaintiff, less than the minimum wage for

9  some hours worked.

10    16.    Defendants retaliated against employees, including each Plaintiff, by reducing their

11  pay as a result of employee complaints, including those made by PATRICK SOVACOOL, of

12  Defendants unlawfully failing to provide tools necessary to perform the work they were hired to

13  perform, and refusing to perform work under a real and apparent hazard.

14    17.    Each Plaintiff has suffered, and continues to suffer, damages as a result of the

15  conduct of Defendants.

16    18.    Such a unity of interest and ownership existed between S. A. THOMPSON, INC. on

17  the one hand, and STANLEY A. THOMPSON on the other hand, that the separateness of the

18  corporation no longer existed, and if the conditional privilege of separate existence is recognized, and

19  the acts alleged herein are deemed those of the corporation alone, an inequitable result will follow.

20  Accordingly, STANLEY A. THOMPSON must be held liable as the alter ego of S. A. THOMPSON,

21  INC.

22    19.    Such a unity of interest and ownership existed between S. A. THOMPSON, INC. on

23  the one hand, and LINDA A. BLACK on the other hand, that the separateness of the corporation no

24  longer existed, and if the conditional privilege of separate existence is recognized, and the acts

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

3

1  alleged herein are deemed those of the corporation alone, an inequitable result will follow.

2  Accordingly, LINDA A. BLACK must be held liable as the alter ego of S. A. THOMPSON, INC.

3                                FIRST CAUSE OF ACTION
                     BY ALL PLAINTIFFS AND AGAINST ALL DEFENDANTS
4                                FOR UNFAIR COMPETITION

5        20.    Plaintiffs re-allege paragraphs 6 through 19.

6        21.    Defendants have violated and continue to violate Business & Professions Code,

7  section 17200, *et seq.*, by engaging in acts of unfair competition.

8        22.    Each Plaintiff is acting in its own interests, and as a private attorney general in the

9  interests of the general public, and, as a result of unfair competition, Defendants have caused each

10 Plaintiff to suffer injury in fact and lose money or property.

11       23.    Defendants should be enjoined from committing acts of unfair competition.

12       24.    Defendants should make full restitution to employees to restore all monies owing to

13 employee but acquired or retained by Defendants as a result of unfair competition.

14       25.    Defendants should be assessed a civil penalty of two thousand five hundred dollars

15 ($2,500) against Defendants for each act of unfair competition, a civil penalty of one hundred dollars

16 ($100) per initial violation, and two hundred dollars ($200) per subsequent violation, for unlawfully

17 withholding wages, and a civil penalty of fifty dollars ($50) against Defendants for each act of failure to

18 pay overtime wages, according to proof at trial.

19       26.    Each Plaintiff is entitled to an award of statutory penalties, statutory damages, unpaid

20 wages, actual damages, interest, costs of suit, and attorney fees, against Defendants according to

21 proof at trial.

22 ///

23 ///

24 ///

TYSON & TYSON, LLP
3550 FIFTH AVENUE, 9ᵗ FLOOR
SAN DIEGO, CALIFORNIA 92103

## SECOND CAUSE OF ACTION
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS
#### FOR VIOLATION OF LABOR CODE

27.     Plaintiffs re-allege paragraphs 6 through 19.

28.     Defendants violated Labor Code sections 201, 202, 203, 216, 218, 221, 223, 226, 1174, 1174.5, 1175, 1194, 2802, 6310 and 6311.

29.     Defendants should be assessed a civil penalty of five-hundred dollars ($500) for failing to maintain accurate and complete records of hours worked by Plaintiffs.

30.     Each Plaintiff is entitled to an award of statutory penalties, statutory damages, unpaid wages, actual damages, interest, costs of suit, and attorney fees, against Defendants according to proof at trial.

31.     Each Plaintiff, except BRIAN KING, is entitled to a civil penalty against Defendants in the form of a daily waiting-time penalty for nonpayment of wages at their daily wage rate at the time their employment ended and until paid in full.

## THIRD CAUSE OF ACTION
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS
#### FOR VIOLATION OF F.L.S.A.

32.     Plaintiffs re-allege paragraphs 6 through 19.

33.     Defendants violated the Fair Labor Standards Act of 1938, under Title 29, Chapter 8, Section 207 of the United States Code.

34.     Each Plaintiff is entitled to an award in the amount of their unpaid minimum wages, and their unpaid overtime compensation, and in an additional equal amount as liquidated damages, as well as costs of suit and reasonable attorney's fees.

///

///

///

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

FOURTH CAUSE OF ACTION
BY PATRICK SOVACOOL AGAINST ALL DEFENDANTS
FOR VIOLATION OF PUBLIC POLICY

35.    Plaintiffs re-allege paragraphs 6 through 19.

36.    Defendants demoted employees, including PATRICK SOVACOOL.

37.    The motivating reason that Defendants demoted employees, including PATRICK SOVACOOL, was because PATRICK SOVACOOL complained that Defendants unlawfully failed to provide tools necessary to perform the work that he and others were hired to perform, and for refusing to perform work under a real and apparent hazard.

38.    The conduct of Defendants was outrageous, and intended to cause PATRICK SOVACOOL emotional distress and economic harm.

39.    PATRICK SOVACOOL suffered severe emotional distress and economic damages.

40.    The conduct of Defendants caused PATRICK SOVACOOL to suffer severe emotional distress and economic damages.

41.    Defendants acted with malice or oppression towards PATRICK SOVACOOL.

42.    PATRICK SOVACOOL should be awarded compensatory damages, punitive and exemplary damages, costs of suit, and attorney fees, against Defendants according to proof at trial.

Respectfully submitted,

Dated: 5 - 30 - 08                     TYSON & TYSON, LLP

By: Matt Tyson
MATTHEW P. TYSON
ZACHARY T. TYSON
Attorneys for
BRIAN KING
PATRICK SOVACOOL
REX MAXWELL

**EXHIBIT C**

1   John C. Wynne (Bar No. 83041)
    Elizabeth Burke Vann (Bar No. 249252)
2   **DUCKOR SPRADLING METZGER & WYNNE**
    A Law Corporation
3   3043 4th Avenue
    San Diego, California 92103
4   (619) 209-3000; (619) 209-3043 fax

5   Attorneys for Defendants S.A. THOMPSON, INC., a
    California corporation dba ROTO-ROOTER SEWER
6   & DRAIN CLEANING SERVICE; STANLEY A.
    THOMPSON; and LINDA A. BLACK.
7

8                          UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10  BRIAN KING; PATRICK SOVACOOL;          CASE NO.:
    and REX MAXWELL, individually, and as
11  private attorney generals in the interests of
    the general public,                    DECLARATION OF ELIZABETH B. VANN
12
13                     Plaintiffs,
                                           Action Filed:
14        v.                               Trial Date:   None set

15  S.A. THOMPSON, INC., a California
    corporation D.B.A. ROTO-ROOTER
16  SEWER & DRAIN CLEANING
    SERVICE; STANLEY A. THOMPSON;
17  LINDA A. BLACK; and DOE 1 through
    DOE 10, inclusive,
18
                       Defendants.
19
20        I, ELIZABETH B. VANN, declare:

21        1.      I am an associate attorney with the law firm of Duckor Spradling Metzger &

22  Wynne, attorneys of record for Defendants in the above-captioned matter.  I have personal

23  knowledge of the facts set forth in this declaration.  I make this declaration of my own personal

24  knowledge, and if called as a witness, I could and would testify competently to the matters set

25  forth herein.  I offer the following declaration testimony in support of Defendants' Notice of

26  Removal.

27        2.      Prior to filing the First Amended Complaint, counsel for Plaintiffs inquired as to

28  whether counsel for Defendants had the authority to receive service on behalf of Defendants, and

DUCKOR
SPRADLING
METZGER
& WYNNE          384952.1

                          DECLARATION OF ELIZABETH B. VANN

1    I represented that we did have such authority.

2         3.     A copy of the Amended Complaint was received by my office on June 10, 2008,

3    but no Notice and Acknowledgment of Service form was served with it.

4         4.     I have represented to counsel for Plaintiffs that even though we have the authority

5    to accept service on behalf of Defendants, we maintain that the California Rules of Civil

6    Procedure do require a Notice and Acknowledgement of Service form to be served with the First

7    Amended Complaint and signed by us in order to effectuate service. Accordingly, I have further

8    represented to counsel for Plaintiffs that we contend that service of the First Amended Complaint

9    was not effectuated until June 24, 2008, the date on which we provided written notice to

10   Plaintiffs' counsel that we were, in fact, accepting service as of that date.

11        5.     Counsel for Plaintiffs maintain that the California Rules of Civil Procedure do not

12   require a Notice and Acknowledgement of Service form to be served and signed in this instance,

13   and thus, contend that service of the First Amended Complaint was effectuated on June 10, 2008.

14        I declare under penalty of perjury under the laws of the State of California that the

15   foregoing is true and correct. Executed this 27th day of June, 2008 at San Diego, California.

16

17

18   ELIZABETH B. VANN

19

20

21

22

23

24

25

26

27

28

DUCKOR
SPRADLING
METZGER
& WYNNE
A LAW CORPORATION

384952.1

DECLARATION OF ELIZABETH B. VANN

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 152436    — TC
## * * C O P Y * *
## June 30, 2008
## 16:44:04

### Civ Fil Non-Pris
USAO #.: 08CV1164
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC20880

## Total—> $350.00

FROM: BRIAN KING ET AL
      VS
      S. A. THOMPSON DBA ROTO ROOTER

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian King, Patrick Sovacool, and Rex Maxwell | S.A. Thompson, Inc., a CA Corp. dba Roto-Rooter Sewer & Drain Cleaning Service, Stanley A. Thompson, Linda A. Black |

FILED

JUN 27 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b)  County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'08 CV 1164  L  AJB**

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Attys. Matthew & Zachary Tyson, TYSON & TYSON, LLP, 2550 Fifth Ave., 9th Floor, San Diego, CA 92103; (619) 720-8350

Attorneys (If Known)
John Wynne; Elizabeth Vann, Duckor Spradling Metzger & Wynne, 3043 4th Ave., San Diego, CA  92103; (619) 209-3000

**II.  BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V.  ORIGIN** (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Judge from Magistrate Judgment |

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
F.L.S.A Violations and Violations of CA Labor and Business & Professions Codes and Public Policy
Brief description of cause:
Pltfs. allege violations of FLSA, CA Labor Code, Unfair Business Practices, & Public Policy.   29 USC Section 201 et. seg

**VII.  REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII.  RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   06/27/2008

SIGNATURE OF ATTORNEY OF RECORD   Elizabeth B. Vann   *Elizabeth B. Vann*

**FOR OFFICE USE ONLY**

RECEIPT #  **152036**   AMOUNT  **$350**   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC  6/30/08

ORIGINAL

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                   Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.