1  John C. Wynne (Bar No. 83041)
   Elizabeth Burke Vann (Bar No. 249252)
2  **DUCKOR SPRADLING METZGER & WYNNE**
   A Law Corporation
3  3043 4th Avenue
   San Diego, California 92103
4  (619) 209-3000; (619) 209-3043 fax

5  Attorneys for Defendants
   S.A. THOMPSON, INC. dba ROTO-ROOTER
6  SEWER & DRAIN CLEANING SERVICE;
   STANLEY A. THOMPSON; and LINDA A.
7  BLACK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN KING; PATRICK SOVACOOL; and REX MAXWELL, individually, and as private attorney generals in the interests of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>S.A. THOMPSON, INC., a California corporation d.b.a. ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; LINDA A. BLACK; and DOE 1 through DOE 10, inclusive,<br><br>Defendants. | CASE NO.: 08 CV 1164 L AJB<br><br>**DEFENDANTS' S.A. THOMPSON, INC. dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; and LINDA A. BLACK ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>[DEMAND FOR JURY TRIAL]<br><br>Action Filed:<br>Trial Date:   None set<br>Judge: |
|---|---|

In response to the numbered paragraphs of the First Amended Complaint, Defendants S.A. THOMPSON, INC. dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; and LINDA A. BLACK admit, deny, or otherwise aver as follows:

**PARTIES, JURISDICTION, AND VENUE**

1) Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2) Admit.

3) Admit.

4) Admit.

5) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

6) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

7) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

## GENERAL ALLEGATIONS

8) Defendants admit that Plaintiffs were, in the past or presently, an employee of Defendant S.A. Thompson, Inc. and deny the remaining allegations contained in this paragraph.

9) Deny.

10) Defendants are not required to answer the portions of this paragraph that are pure recitations of law. As to the remaining allegations contained in this paragraph, Defendants deny each and every allegation.

11) Defendants are not required to answer the portions of this paragraph that are pure recitations of law. As to the remaining allegations contained in this paragraph, Defendants deny each and every allegation.

12) Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

13) Defendants are not required to answer the portions of this paragraph that are pure recitations of law. As to the remaining allegations contained in this paragraph, Defendants deny each and every allegation.

14) Defendants are not required to answer the portions of this paragraph that are pure recitations of law. As to the remaining allegations contained in this paragraph, Defendants deny each and every allegation.

15) Deny.

16) Deny.

1  17) Deny.

2  18) Deny.

3  19) Deny.

## FIRST CAUSE OF ACTION BY ALL PLAINTIFFS AND AGAINST ALL DEFENDANTS FOR UNFAIR COMPETITION

20) Defendant herein incorporates its answers, denials and averments made in paragraphs six through nineteen.

21) Deny.

22) Defendants are not required to answer the portions of this paragraph that are further characterizations of the action, but insofar as an answer may be deemed required, they are denied. As to the remaining allegations contained in this paragraph, Defendants deny each and every allegation.

23) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

24) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

25) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

26) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

## SECOND CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF LABOR CODE

27) Defendant herein incorporates its answers, denials and averments made in paragraphs six through nineteen.

28) Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

29) This paragraph consists of further characterization of the action, which does not

require an answer, but insofar as an answer may be deemed required, deny.

30) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

31) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

### THIRD CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF F.L.S.A.

32) Defendant herein incorporates its answers, denials and averments made in paragraphs six through nineteen

33) Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

34) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

### FOURTH CAUSE OF ACTION BY PATRICK SOVACOOL AGAINST ALL DEFENDANTS FOR VIOLATION OF PUBLIC POLICY

35) Defendant herein incorporates its answers, denials and averments made in paragraphs six through nineteen.

36) Deny.

37) Deny.

38) Deny.

39) Deny.

40) Deny.

41) Deny.

42) This paragraph consists of further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

### AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's complaint and by way of affirmative defenses,

DUCKOR
SPRADLING
METZGER
& WYNNE

385262.1

- 4 -   Case No. 08 CV 1164 L AJB
Defendants' Answer and Affirmative Defenses to First Amended Complaint

Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Without admitting any of the allegations contained in the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action contained therein is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Without admitting any of the allegations contained in the Complaint, Defendant alleges that Plaintiff has failed and refused, and continues to fail and refuse, to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages, if any, suffered. By reason of the foregoing, Plaintiff is barred from any recovery of such damage, if any.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages alleged by Plaintiff, if any, were the direct and proximate cause of a person or persons or entity or entities other than this answering Defendant and this answering Defendant's liability is limited in direct proportion to the percentage of fault, if any, directly attributable to it.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's damages, if any, were proximately caused solely by the intervening conduct, acts or omissions of parties other than this answering defendant.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, if Plaintiff Patrick Sovacool suffered any emotional distress (and Defendants deny that Plaintiff suffered any such distress), this emotional distress was proximately caused by factors other than Plaintiff's employment, and/or the action of Defendants or anyone acting on Defendants' behalves.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery by the doctrines of waiver, estoppel and consent.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are barred from bringing this action by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred by Plaintiff's failure to exhaust her administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

There is no unity of interest between Defendant S.A. Thompson, Inc. and Defendant Stanley A. Thompson and Defendant Linda A. Black; likewise, Defendant S.A. Thompson, Inc. has met all corporate formalities, is properly capitalized, and is an entity wholly separate from Defendants Thompson and Black.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiffs' Complaint, or any claim or purported cause of action alleged therein is barred because the disputed conduct was privileged and/or justified.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, as to each alleged cause of action, Plaintiffs' alleged damage, if any, were and are wholly or partially the proximate result of Plaintiffs' negligence and are thus to be reduced in accordance with the law of comparative negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and the whole thereof, does not state facts sufficient to enable Plaintiffs to plead or recover costs, including attorneys' fees and court costs, or prejudgment interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all times referenced in Plaintiffs' complaint, this answering defendant acted in good faith and did not directly or indirectly induce any act or acts contributing to the alleged damages

suffered by Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Defendant alleges that any unlawful conduct, if any, was undertaken out of the course and scope of employment of the person or persons undertaking it, and Defendant denies that it authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved of, or directed action by any person or entities, constituting unlawful conduct towards Plaintiff, whether as alleged or otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action contained therein, fails to state facts sufficient to constitute any claim for punitive or exemplary damages against this answering defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution as well as the California Constitution related to California statutory and common law, to the extent that the amount of such damages is disproportional to the wrongs alleged and the actual damages sought. Punitive damages are also unconstitutional to the extent that neither statutory law, common law nor the rules of civil procedure affords Defendant adequate procedural safeguards in light of the potential punishment at stake.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies all assertions of violations of the California Labor Code.

### TWENTIETH AFFIRMATIVE DEFENSE

Any violation of Labor Code Section 226(b) by Defendant, if any, was unintentional.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred by their own breaches of the duties owed to this answering defendant under California Labor Code sections 2856, 2857, 2858 and 2859.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' cause of action for unfair business practices is barred by the business judgment rule.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This action may not be brought as fashioned because Plaintiffs are not competent plaintiffs to bring the claims alleged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action for unfair business practices is barred because Plaintiffs do not have the required administrative capacity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are not reasonable representatives of the others alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This action is not properly brought pursuant to Business and Professions Code Section 17200, et seq., as common issues of fact and law do not predominate.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for unfair business practices as against this answering party because there was no unlawful, unfair or misleading conduct by Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from restitution of unjust enrichment for unfair business practices as against this answering party because Defendant obtained no unjust enrichment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under California Business and Professions Code section 17200 et seq. violate Defendant's constitutional rights under both the United States and California constitutions.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims under California Business & Professions Code section 17200 et seq. are barred in whole or in part by sections 17203 and 17205 of the Business and Professions Code in that: (1) Plaintiffs have not suffered injury in fact and have not lost

DUCKOR
SPRADLING
METZGER
& WYNNE

385262.1

- 8 -    Case No. 08 CV 1164 L AJB
Defendants' Answer and Affirmative Defenses to First Amended Complaint

money or property as a result of the conduct of which they now complain; (2) Plaintiffs have failed to meet the standing requirements of the unfair competition statute; and/or (3) Plaintiffs have not and do not comply with section 382 of the California Code of Civil Procedure.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action seeking injunctive relief and restitution are barred in light of the fact that Plaintiffs have an adequate remedy at law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any protected activity engaged in by Plaintiff was not a motivating factor, nor was it causally connected, to any adverse employment action sustained by Plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff takes nothing by way of her Complaint;
3. That Defendant be awarded costs of suit and attorneys' fees; and
4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: July ___, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: _____
JOHN C. WYNNE
ELIZABETH BURKE VANN
Attorneys for Defendants, S.A. THOMPSON, INC, dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; and LINDA A. BLACK

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

Respectfully submitted,

DATED: July 7, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: /s/ Elizabeth Vann
JOHN C. WYNNE
ELIZABETH BURKE VANN
Attorneys for Defendants, S.A. THOMPSON, INC. dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; and LINDA A. BLACK

John C. Wynne, Esq. (SBN 83041)
Elizabeth B. Vann (SBN 249252)
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego, CA 92103
(619) 209-3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING; PATRICK SOVACOOL; and REX MAXWELL, individually, and as private attorney generals in the interest of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> S.A. THOMPSON, INC., a California corporation d.b.a. ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; LINDA A. BLACK; and DOE 1 through DOE 10, inclusive, <br><br> Defendants. | No.: <br><br> **DECLARATION OF SERVICE** <br><br> Person Served: <br><br> <u>Attorney for Plaintiff</u>: <br> Matthew P. Tyson, Esq. <br> Zachary T. Tyson, Esq. <br> TYSON & TYSON, LLP <br> 2550 Fifth Ave., 9th Floor <br> San Diego, CA 92103 <br> Tel: (619) 720-8350 <br> Fax: (619) 615-2173 <br><br> Date Served: July 7, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**DEFENDANTS' S.A. THOMPSON, INC. dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; and LINDA A. BLACK ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

in the following manner:

check one)

1) ☐ By personally delivering copies to the person served.

2) ☐ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

3) ☒ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on July 7, 2008.

4) ☐ By fax transmission, I faxed the documents to the person at the fax number listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>July 7, 2008</u>, at San Diego, California.

_____
Dawna Kirbey