cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING; PATRICK SOVACOOL; REX MAXWELL, individually and as private attorney generals in the interests of the general public,<br><br>  Plaintiff,<br>v.<br><br>S.A. THOMPSON, INC., a California corporation dba ROTO-ROOTER SEWER & DRAIN CLEANING SERVICE; STANLEY A. THOMPSON; LINDA A. BLACK; and DOES 1 through 10, Inclusive,<br><br>  Defendants. | Civil No.08cv1164 L (AJB)<br><br>ORDER |

Defendants' contacted the Court regarding Plaintiffs' counsel's disclosure of confidential settlement negotiations to a third party, Roto-Rooter, Inc., and requested that the Court instruct the third party that they are not to use the confidential information disclosed to them in any way and requesting the Court sanction Plaintiffs' attorney for the disclosure in the amount of $750.00.

The confidential information was a settlement position of defendant S.A. Thompson, Inc. communicated in a letter by defense counsel and dated October 2, 2008. The letter was appropriately marked as "Confidential." No information from the Court's Early Neutral Evaluation process was disseminated. Had information from the ENE process been disseminated, the Court would not hesitate for a moment to significantly sanction plaintiff's counsel for violation of Court rules and orders.

1   While the Court finds Plaintiffs' counsel's actions both deplorable and unprofessional, neither
2 the Supreme Court nor the Ninth Circuit have recognized a blanket settlement privilege as a matter of
3 federal common law.  There is, however, a strong public interest in favor of maintaining the confidential
4 nature of settlement negotiations, because without confidentiality, the effectiveness of settlement
5 negotiations would be compromised.

6   The confidentiality of settlement negotiations is paramount.  Parties must feel uninhibited and
7 free to propose compromises that would otherwise weaken their legal position. This is true whether
8 settlement negotiations are conducted by the court or informally by and between the parties.  Without
9 confidentiality, parties would more often than not, forego settlement negotiations and proceed to trial,
10 thereby weakening the settlement process and jeopardizing the judicial efficiency it fosters.

11   An expectation of confidentiality is what forms the essential basis of the pro-settlement policies
12 underlying Rule 408 of the Federal Rules of Evidence.  Plaintiffs' counsel betrayed this expectation of
13 confidentiality by disclosing confidential settlement negotiations to third party Roto-Rooter Group, Inc.
14 without Defendants' knowledge or consent.  As such, the Court hereby ORDERS Plaintiffs to notify
15 third party Roto-Rooter, Inc. of the confidential nature of the settlement information disclosed to them.
16 Plaintiffs and third party Roto-Rooter, Inc. are prohibited from using, or in any way disseminating, the
17 settlement negotiations that were improperly disclosed by Plaintiffs' counsel.  Defendants' request for
18 sanctions is DENIED, however, Plaintiffs' counsel is warned that this type of subversive conduct is
19 unprofessional and damaging to settlement negotiations and will not be tolerated by this Court. If this
20 happens again, Plaintiff's counsel will be referred to the Court's Disciplinary Committee.

21   IT IS SO ORDERED.

23 DATED:  December 17, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court